**EXHIBIT A**

DATE FILED: June 3, 2021 4:32 PM
FILING ID: F37E84803E1FE
CASE NUMBER: 2021CV30411

| | |
|---|---|
| **DISTRICT COURT, LARIMER COUNTY, COLORADO**<br>201 LaPorte Avenue, Suite 100<br>Fort Collins, CO 80521-2761<br>(970) 498-6100 | |
| Plaintiff: **SAGE CREEK TOWNHOMES ASSOCIATION, INC.**<br><br>v.<br><br>Defendant: **AMGUARD INSURANCE COMPANY** | ∆ COURT USE ONLY ∆ |
| ATTORNEYS FOR PLAINTIFF:<br><br>SMITH JADIN JOHNSON, PLLC<br>Christopher M. Drake, #46998<br>Alyssa E. Chirlin, #53311<br>1775 Sherman St, Suite 2750<br>Denver, CO 80203<br>Tel:   720-550-7227<br>Fax:   612-235-7927<br>Email: cdrake@sjjlawfirm.com<br>           achirlin@sjjlawfirm.com | Case No.:<br><br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW Plaintiff, Sage Creek Townhomes Association Inc., by and through undersigned counsel, and asserts the following Complaint against the above-named Defendant, stating and alleging as follows:

**PARTIES, VENUE AND JURISDICTION**

1. Plaintiff Sage Creek Townhomes Association Inc. ("Plaintiff") is a citizen of Colorado for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

2. Upon information and belief, Defendant AmGuard Insurance Company Insurance Group ("AmGuard") is a corporation organized under the laws of Pennsylvania, with its principal place of business at 16 S. River Street, Wilkes-Barre, PA 18702 is a citizen of the State of Pennsylvania, and is authorized to conduct business in Colorado.

3. This Court has jurisdiction over the subject matter of this action and the parties hereto.

4. Venue in this district is proper pursuant to C.R.C.P 98(a) and (c) because Plaintiff resides in this district and the events giving rise to this action took place in this district.

5. There is an actual controversy regarding the parties' legal rights and legal relations, entitling Plaintiff to damages.

## ALLEGATIONS COMMON TO ALL COUNTS

6. AmGuard issued Policy Number SABP969596 (the "Policy") to Plaintiff, insuring property located at 5551 Cornerstone Drive, Fort Collins, CO 80528 (the "Property") at all times relevant herein.

7. The Policy is a homeowners' insurance policy that covers all risks of direct physical loss or damage to the Property, including those arising from wind and hail. Plaintiff promptly tendered to AmGuard a claim for benefits for the Loss and was assigned Claim No. SABP969596-029-029-029 (the "Claim).

8. On July 5, 2019, the Property suffered wind and hail damage resulting from a severe hailstorm that featured three-inch hailstones (the "Loss").

9. On May 22, 2020, Plaintiff submitted a sworn proof of loss in the amount of $1,600,000.00 which was eventually approved by the defendant. The Loss included, but was not limited to, damage to the Property's roof, gutters, deck, and windows.

10. On December 4, 2020, Defendant was provided with a certificate of completion and a request was made for the release of the outstanding depreciation in excess of $500,000.00. AmGuard has refused to pay.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

11. Plaintiff incorporates the above paragraphs as if fully set forth herein.

12. The Policy creates a contract of insurance.

13. A covered loss occurred under the Policy, giving rise to coverage thereunder.

14. Defendant has acknowledged and agreed that the cost to restore the property to its pre-loss condition is $1,600,000.00. The work to restore the property has been completed and the Plaintiff has requested the release of depreciation on multiple occasions. Defendant has refused to pay.

15. By its actions, as described above, Defendant breached the contract of insurance.

16. Plaintiff has incurred damages as a result of Defendant's breach of contract.

17. Plaintiff is entitled to damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

18. Plaintiff incorporates the above paragraphs as if fully set forth herein.

19. Defendant owed duties to the Plaintiff under the Policy's implied covenant of good faith

and fair dealing, wherein it covenanted that it would, in good faith, and in the exercise of fair dealing, deal with Plaintiff fairly and honestly, faithfully perform its duties of representation, and do nothing to impair, interfere with, hinder, or potentially injure Plaintiff's right to receive the benefits under the Policy.

20. Defendant acted unreasonably and breached its duties of good faith and fair dealing by its actions, which included, without limitation, the following unreasonable acts:

    a. Failing to properly investigate and evaluate Plaintiff claim for Policy benefits;
    b. Failing to pay Plaintiff the full benefits owed under the Policy;
    c. Failing to pay amounts under the Policy in a timely manner;
    d. Failing to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims;
    e. Failure to give equal consideration to Plaintiff's rights and interests as it has given its own interests;
    f. Failing to substantiate its claimed exclusions of coverage under the Policy;
    g. Rescinding coverage for the replacement of the Property's windows that were damaged by hail;
    h. Misrepresenting the extent of the covered damage;
    i. Depriving Plaintiff of the benefits and protections of the contract of insurance;
    j. Compelling Plaintiff to institute litigation in order to recover amounts due under the Policy; and

    Other conduct to be revealed through discovery.

**THIRD CLAIM FOR RELIEF**
**(Violation of C.R.S. §10-3-1115 and Relief Pursuant to §10-3-1116)**

21. Plaintiff incorporates the above paragraphs as if fully set forth herein.

22. C.R.S. §10-3-1115 forbids an insurer from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of a first-party claimant.

23. Plaintiff is a first-party claimant under C.R.S. §10-3-1115.

24. Defendant has denied and delayed Plaintiff's claim without a reasonable basis within the meaning of C.R.S. §10-3-1115.

25. C.R.S. §10-3-1116 provides that a first-party claimant whose claim has been unreasonably delayed or denied by an insurer may bring an action in Colorado District Court to recover reasonable attorneys' fees and court costs and two times the covered benefit. Because Defendant's actions, as described above, violate C.R.S. §10-3-1115, Plaintiff brings this claim to recover their reasonable attorneys' fees and court costs, as well as two times the covered benefit, as allowed under C.R.S. §10-3-1116.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in their favor and against Defendant as follows:

    a. For compensatory damages, both economic and non-economic, in amounts to be proved at trial;

    b. For double damages pursuant to statute;

    c. For all prejudgment interest, statutory or moratory, and post-judgment interest allowed by law;

    d. For reasonable attorneys' fees and costs of suit herein; and

    e. For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands that all issues of fact be tried to a jury of six persons.

Dated this 3rd day of June 2021.

Respectfully submitted,

**SMITH JADIN JOHNSON, PLLC**

*s/Christopher M. Drake*
Christopher M. Drake
Alyssa E. Chirlin
1775 Sherman Street, Suite 2750
Denver, CO 80203
Tel:    720-550-7280
Email: cdrake@sjjlawfirm.com
           achirlin@sjjlawfirm.com